UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:98-cr-329-T-23MAP
8:11-cv-892-T-23MAP

CORNELL WAYNE WADDY
_____/

**O R D E R**

In 1999 Waddy pleaded guilty to conspiracy to distribute cocaine, possession with the intent to distribute cocaine base, and possession of a firearm by a convicted felon. Waddy was sentenced (Doc. 42) to more than twenty years as a career offender. Waddy's plea agreement (Doc. 26) contains the standard waiver of the right to directly or collaterally challenge the sentence. In 2008 Waddy moved to reduce his sentence under a retroactive change to the sentencing guidelines, a motion that was denied (Doc. 67) because Waddy was sentenced as a career offender.

Waddy's motion to vacate under 28 U.S.C. § 2255 challenges the validity of his designation as a career offender. Waddy argues that he is "actually innocent" of the career offender enhancement based on Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (2010), United States v. Shannon, 631 F.3d 1187 (11th Cir. 2011), and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) ("Gilbert I"). Waddy's motion lacks merit for three reasons.

First, the motion to vacate is untimely. Waddy's conviction became final in 1999 and his one-year limitation expired in 2000. Waddy asserts that he is entitled to a new

one-year limitation from the date Johnson was issued.  Section 2255(f)(3) permits a new one-year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."  Assuming that the new right recognized in Johnson applies to Waddy's facts, Waddy acquires no new statute of limitation because Johnson was decided on direct appeal and the Supreme Court has not retroactively applied it.  Consequently, Section 2255(f)(3) is inapplicable.

Second, Waddy's "actual innocence" argument lacks merit because Waddy must show that he did not commit the offense.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  Actual innocence requires a showing that new evidence compels a finding of not guilty.  "A petitioner's burden . . . is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."  House v. Bell, 547 U.S. 518, 538 (2006).  Because his actual innocence argument is limited to only the sentence, Waddy shows no factual innocence of the criminal offense.

Waddy argues that Gilbert I permits an actual innocence claim directed to only the sentence.  His reliance on Gilbert I is misplaced because that panel decision was vacated by Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010) ("Gilbert II"). Waddy's actual innocence argument is precluded by Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011) (en banc) ("Gilbert III"), which holds "that the Sawyer [v. Whitley,

505 U.S. 333 (1992)], actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied . . . ."

Waddy's sentence is more than ten years old. Gilbert III, 640 F.3d at 1295, recognized that "finality of judgment and the important interests that finality promotes" cautions against examining a sentence that was correctly calculated when imposed even though subsequent interpretations of the guidelines would now require a different sentence. Consequently, Waddy's actual innocence argument is rejected.

Third, in the plea agreement Waddy waived his right to challenge the calculation of his sentence. The negotiated plea agreement (Doc. 26) specifically states that Waddy "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines . . . ." Consequently, Waddy waived his right to challenge his sentence in a Section 2255 motion.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Waddy and close this case.

ORDERED in Tampa, Florida, on July 20, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE